SHARKEY COUNTY *v.* SOUTHERN CREDIT CORPORATION *et al.*

(Division B. Oct. 2, 1939. Suggestion of Error Overruled Nov. 13, 1939.)

[191 So. 90. No. 33799.]

**John S. Joor,** of Rolling Fork, for appellant.

Wynn, Hafter, & Lake, of Greenville, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Sharkey County, through its proper officers, leased to one D. D. Mullins, on the 2nd day of December, 1935, certain sixteenth section lands for the years 1936, 1937, and 1938, executing a written lease for said years and taking the separate notes for each year for the rent upon said lands. The tenant, D. D. Mullins, cultivated the said lands for the years 1936 and 1937, producing cotton and other agricultural products, of which he grew ninety bales of cotton during the year 1937, and turned the proceeds thereof or cotton over to the Southern Credit Corporation in the sum of $4,805.64, he having obtained supplies and furnishings for the said plantation from Southern Credit Corporation. D. D. Mullins did not pay the rent note for the year 1937 due October 15th of that year for the sum of $2,022.40, and this suit was brought for the balance due on said note after crediting upon the note the net proceeds of certain crops remaining on said land amounting to $227.32. It was claimed by the plaintiff that the balance due the county on said note after making said credit amounted to $1,795.08, which was still due and unpaid.

The defendant, Southern Credit Corporation, set up an alleged waiver by the county of its lien upon the agri-

cultural products of said land in favor of the said corporation. This waiver reads as follows:

"In consideration of the sum of $1.00 the receipt of which is hereby acknowledged, and other value consideration, I hereby and by these presents relinquish and waive unto the Southern Credit Corporation its transferees and assignees, all and singular the priority of any claim, interest, equity or lien I may have for rent, advances or other indebtedness on, in and to the crops now growing on or to be grown during the year 1937 on lands described in mortgage executed by D. D. Mullins to the Southern Credit Corporation dated 11th day of January, 1937, to which mortgage this waiver is attached; such waiver to extend to and cover the amount now due under and secured by said mortgage or which may be hereafter secured thereby under the terms thereof, and I hereby waive the right to a marshalling and consent to the collection of said mortgage out of any and all seed crops.

"Witness my hand and seal this 11th day of January, 1937.

"Beatrice T. Barnard, Landlord.
"Co. Supt. of Ed."

The order of the Board of Supervisors relied upon to release the said lien reads as follows:

"Ordered by the Board that it is necessary to waive the lien for rent for 1937 on agricultural products grown on Sixteenth Section lands to the extent of a reasonable sum in order that the tenants may secure reasonable finances, and be thereby enabled to cultivate the land. And it is therefore, ordered that Beatrice T. Barnard, Superintendent of Education of Sharkey County, be authorized to waive said lien on the hereinafter named tenants for a reasonable amount for said year 1937; and her acts in so doing are hereby approved, to-wit: T. H. Powers, G. A. Ervin, Guy Graham, J. H. Williams, J. M. Noble, D. D. Mullins, H. W. Pippin, J. W. Pippin, E. L. Screws, J. E. Meek, F. M. Bufkin, J. R. Perry, Sandy

Thomas, Lofton Waller, John Buxton, W. T. Nichols, T. D. Boykin, Jim H. Smith, Robert White, H. C. Martin.

"Ordered this the first day of February, A. D., 1937.

"Geo. C. Cortright

"President."

The court below sustained the validity of the waiver and rendered judgment for the Southern Credit Corporation dismissing the suit as to it, from which this appeal is prosecuted.

Chapter 58 of the Laws of 1935, Extraordinary Session of the Mississippi Legislature, is relied upon for the validity of the waiver by the defendant. Plaintiff's contention in reference to this act is that in the first place the alleged waiver is not in compliance with the said Chapter 58, and in the second place that said chapter is unconstitutional. Chapter 58, omitting the title and the enacting clause, reads as follows:

"Lease of agricultural lands. It is the duty of the superintendent of education of each county with the approval of the board of supervisors, to lease the sixteenth section lands subject to lease and not situated in a city, town or village, by public or private contract, as the board shall direct and for a term it shall direct; and he shall take the notes for the rent and turn them over to the county depository and attend to their collection. The county shall have the right and remedies for the security and collection of such rents given by law to the agricultural landlords.

"The superintendent of education of a county in which are located sixteenth sections and/or other agricultural lands held and/or owned by the county for the benefit of the public schools therein, with the approval of the board of supervisors by order detailing the reasons therefor duly entered on its minutes, shall have authority during 1936 and 1937, if it be necessary, to waive the lien for annual rent on agricultural products grown on such lands to the extent of a reasonable sum in order that the tenant may secure reasonable finances and be thereby enabled to cultivate such land."

Under the laws governing the leasing of sixteenth section lands, it is not disputed that the lease was regular in all respects, which was executed in 1935; and but for the alleged waiver the county would have the lien that other landlords have by virtue of Section 6769, Code of 1930. In our view it is not necessary to decide the constitutional question involved, that Chapter 58, Laws of 1935, supra, violates Section 100 of the Constitution. It is our opinion that the alleged release, under Chapter 58, of the Laws of 1935, was not a valid exercise of the power intended to be conferred by that chapter. The provision in the said chapter in the lease paragraph of Section (1): "The superintendent of education of a county in which are located sixteenth sections and/or other agricultural lands held and/or owned by the county for the benefit of the public schools therein, with the approval of the board of supervisors by order detailing the reasons therefor duly entered on its minutes, shall have authority during 1936 and 1937, if it be necessary, to waive the lien for annual rent on agricultural products grown on such lands to the extent of a reasonable sum in order that the tenant may secure reasonable finances and be thereby enabled to cultivate such land."

The statute authorizes only on its face a waiver of the agricultural lien to the extent of a *reasonable sum* in order that the tenant may secure *reasonable finances*. The alleged release does not undertake to define the conditions or reasons in detail as required by the Act, and there is no criterion within the alleged release by which such reasonable sum may be determined from the waiver itself or from the order of the board approving the lease. It was intended by the act where a lien was to be waived that the extent of the necessity of the waiver and the amount of the waiver should be determined and set forth, and also that the amount of supplies or finances to be secured must be found to be reasonable, and the instrument should recite the reasons in detail, and the necessity, giving such data and reasons as the situation shows to be necessary.

The board of supervisors were required to exercise an official discretion as to the amount of the finances necessary and the probable value of products to be grown, and the ability of the tenant to secure finances without such waiver. There is nothing here to show these essential facts. The law did not contemplate leaving the necessity of the amount of financial assistance to the uncontrolled judgment of the superintendent of education, nor to the judgment of the Southern Credit Corporation as to what would be reasonable or necessary, but the contract undertook to waive absolutely and unconditionally the entire rights of the county to an undetermined amount of financial assistance, making the Southern Credit Corporation the judge of the reasonableness of the furnish, or with the tenant to determine that amount without reference to any finding by the board of supervisors as to the amount necessary, and as to other facts indicated above. The Act did not contemplate a blanket waiver of the county's right, conceding for the purpose of this decision only that Chapter 58, Laws of 1935, is valid, which question we pretermit in this case for the reason it is unnecessary to decide that issue.

It follows from what we have said, there being no dispute as to the amount of products received and the value thereof, that judgment should be rendered in favor of the county against the defendant, Southern Credit Corporation, and D. D. Mullins. Judgment of the court below will be reversed and judgment rendered here for the appellant.

Reversed and judgment here for appellant.